IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15CR83-6 |
| | ) | |
| IRMA ALVARADO ROMAN | ) | |

<u>ORDER</u>

On February 24, 2015, a federal grand jury for this district indicted Defendant Irma Alvarado Roman ("Defendant") on one count of conspiring to commit a violation of the drug control laws of the United States, that is, conspiring to knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 846 and § 841(b)(1)(C). The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(C). The Court continued that hearing on two occasions to allow Defendant to fully explore possible release plans and to present those plans to the United States Probation Office for evaluation. At the end of the hearing, the Court orally ordered Defendant's detention pending disposition of this case because clear and convincing evidence established that no combination of release conditions would reasonably assure the safety of others and the community and because a preponderance of the evidence established that no combination of release conditions would reasonably assure Defendant's appearance. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

I.  BACKGROUND

Before the initial hearing, a United States Probation Officer prepared a Pretrial Services Report regarding Defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. In addition, prior to each of the two continuations of this matter, the United States

Probation Officer completed an addendum to that Report. Both parties had an opportunity to review that Report, including the addenda, prior to each hearing, as applicable. At the hearing, counsel for Defendant stated that Defendant's most recent return from Mexico was in July 2014 rather than September as indicated in the Report, and also clarified information regarding Defendant's status with immigration. With these corrections and clarifications, the Court adopts the Report as its own findings of fact.

In addition, at the hearing, Defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). The United States called (and, through his counsel, Defendant cross-examined) Officer Robert Santiago of the Winston Salem Police Department who participated in the investigation and had reviewed reports related to the case. Defendant presented evidence consisting of: (1) a copy of a letter purporting to indicate a loan between Defendant and a confidential source; (2) property reports and immigration documents related to Defendant; (3) a utility agreement related to a proposed release location; and (4) a portion of Officer Santiago's Winston Salem Police Department Supplemental Report. Defendant did not present any witnesses.

II.     DISCUSSION

Under 18 U.S.C. § 3142, if there is a finding of probable cause to believe that a defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises, such that, "[s]ubject to rebuttal by [the defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community," 18 U.S.C. § 3142(e)(3).[2]  "[T]he presumption operate[s] at a minimum to

---

[2] As noted, a federal grand jury has indicted the defendant for an offense under 21 U.S.C. § 846 and § 841(b)(1)(C), which triggers the above-cited presumption of detention. See 18 U.S.C. § 3142(e)(3)(A). "[T]he appeals courts that have addressed this issue have uniformly concluded that the judicial officer may rely on a
(continued...)

2

impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). "Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.' The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (internal citations omitted) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).[3]

In resolving the issue of release or detention, along with the statutory presumption, the Court considers the following statutorily-prescribed factors:

(1) the nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the [defendant];

(3) the history and characteristics of the [defendant] . . .; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).

---

[2](...continued) grand jury indictment to establish probable cause for the purpose of triggering the rebuttable presumptions in section 3142(e)." United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986). District courts in this Circuit appear to follow the same rule. See, e.g., United States v. Glover, No. 5:10-CR-258-F-5, 2010 WL 3245526, at *1 (E.D.N.C. Aug. 17, 2010) (unpublished); United States v. Boyd, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). Moreover, as detailed below, the evidence at the hearing confirmed the grand jury's probable cause finding.

[3] Although the Fourth Circuit has not directly considered this issue, district courts in this Circuit have taken the position that even if the defendant presents evidence to satisfy the burden of production, the presumption of detention remains relevant in weighing the various factors. See, e.g., United States v. Jinwright, No. 3:09CR67-W, 2010 WL 2926084, at *1 (W.D.N.C. July 23, 2010) (unpublished); United States v. Moore, No. 2:09CR222-41, 2010 WL 1006205, at *2 (S.D.W. Va. Mar. 16, 2010) (unpublished); United States v. Hill, No. 1:06CR82-1, 2007 WL 547611, at *1 (N.D.W. Va. Feb. 16, 2007) (unpublished).

3

In the present case, with respect to the nature of the offense charged against Defendant, the offense charged is serious, involving large quantities of cocaine hydrochloride. With respect to the weight of the evidence, the Court finds that the evidence against Defendant is strong. Specifically, the Government presented the testimony of Officer Santiago, who testified that, on September 24, 2014, Defendant met with a confidential source to arrange for the purchase of 10 kilograms of cocaine hydrochloride to occur on September 29, 2014, and indicated a willingness to offer a security interest in her real properties as payment. These conversations were recorded, as were subsequent telephone conversations between Defendant and the confidential source further arranging the details of the transaction. Officer Santiago testified that, on September 29, 2014, an undercover Homeland Security officer posing as a courier met with Defendant to finalize that transaction. This conversation was also recorded. Defendant brought her minor children with her to this transaction. During this meeting, Defendant presented the Homeland Security officer with a notarized document indicating that a loan of $300,000.00 had been made to Defendant from the confidential source. The confidential source then delivered the 10 kilograms of cocaine worth $300,000.00. According to Officer Santiago's testimony, Defendant then communicated via telephone with an individual she described as her son-in-law, who is a co-defendant in this matter, to arrange for pick up of the cocaine hydrochloride. Shortly after that conversation, that co-defendant arrived at the location of the arranged transaction, inspected the cocaine, and accepted receipt of the cocaine, at which point Defendant was taken into custody. Officer Santiago further testified that in recorded conversations taken during the course of the investigation, other co-defendants indicated that Defendant has previously participated in illicit narcotics transactions. Officer Santiago noted that Defendant had prior dealings with co-defendants Eliazar Guzman Dominguez and Oscar Paz Mendoza, who were separately involved in the purchase of 20 kilograms of cocaine hydrochloride from the confidential source on September 24 and 29.

With respect to the history and characteristics of Defendant, the Court notes that Defendant has a prior conviction for felony transport/sale/distribute controlled substance, for which she received an active term of imprisonment followed by probation. Defendant subsequently violated probation and an additional jail commitment was imposed. The Court also notes that Defendant was born in Mexico, and her father as well as several of her siblings continue to reside in Mexico. According to the Report, Defendant's daughter advised that Defendant has a valid Mexican passport. Defendant has traveled to Mexico several times since entering the United States, including, most recently, in July 2014. Defendant is a permanent resident of the United States. Upon her recent entry to the United States in July 2014, and based on her prior conviction, Immigration and Customs Enforcement issued a Notice to Appear, but that Notice has not yet been filed, so immigration proceedings are possible but are not yet underway.

Based on the evidence presented, the Court finds that the record contains nothing sufficient to rebut the presumption of detention. Moreover, the Court further finds that even if the presumption is considered only as a factor in this case, the serious nature of the alleged offense, and especially the substantial quantity of narcotics involved and Defendant's apparent high-level involvement in that transaction, as well as statements regarding Defendant's other involvement in illicit narcotics, raises serious concerns regarding the safety of the community. In addition, those factors, in conjunction with Defendant's ties to a foreign country, prior conviction and probation violation, and potential immigration proceedings, raises additional serious concerns regarding assuring Defendant's appearance.

Defendant offered her husband and her daughter as potential third-party custodians. However, Defendant was living with her husband and her daughter at the time of the present alleged offenses. Moreover, the Court finds that use of these third party custodians would be insufficient to address the Courts concerns regarding safety and non-appearance, given the nature of the charges, Defendant's apparent high level of involvement, the statements regarding

5

Defendant's other activities in narcotics, her involvement of her children in the transaction, including her use of her son-in-law (the husband/fiance of the proposed third party custodian) to accept delivery of the cocaine, and her family ties to Mexico, travel to Mexico, and the potential immigration consequences in this case.

In sum, the Court finds that the record establishes by clear and convincing evidence that no combination of release conditions would reasonably assure the safety of others and the community. The Court further finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance in this matter.

IT IS THEREFORE ORDERED that the Motion for Detention by the United States is GRANTED and Defendant shall be detained pending disposition of the instant charges pursuant to 18 U.S.C. § 3142(e)(1). Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of March, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge