IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:15CR83-6 |
| | : | |
| v. | : | |
| | : | |
| IRMA ALVARADO ROMAN, | : | |
| also known as Irma Alverado | : | |
| Roman | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through

Ripley Rand, United States Attorney for the Middle District of North

Carolina, and the defendant, IRMA ALVARADO ROMAN, in her own person

and through her attorney, Alan Doorasamy, Sr., and state as follows:

1.   The defendant, IRMA ALVARADO ROMAN, is presently under

Indictment in case number 1:15CR83-6, which in Count One charges her

with a violation of Title 21, United States Code, Sections 846 and

841(b)(1)(C), conspiracy to distribute a quantity of a mixture and

substance containing a detectable amount of cocaine hydrochloride.

2.   The defendant, IRMA ALVARADO ROMAN, will enter a voluntary

plea of guilty to Count One of the Indictment herein.  The nature

of this charge and the elements of this charge, which must be proved

by the United States beyond a reasonable doubt before the defendant

can be found guilty thereof, have been explained to her by her

attorney.

a.   The defendant, IRMA ALVARADO ROMAN, understands that as to Count One of the Indictment herein she shall be sentenced to a term of imprisonment of not more than twenty years, a fine not to exceed $1,000,000, or both.  If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, IRMA ALVARADO ROMAN, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process.   The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."  Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least three years in addition to such term of imprisonment.

b.   The defendant, IRMA ALVARADO ROMAN, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above.  The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines.  Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing.  In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range

2

prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

c. The defendant, IRMA ALVARADO ROMAN, understands that if she is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration status. The defendant, IRMA ALVARADO ROMAN, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, IRMA ALVARADO ROMAN, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

3

4.   The defendant, IRMA ALVARADO ROMAN, is going to plead guilty to Count One of the Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5.   The extent of the plea bargaining in this case is as follows:

a.   It is understood that if the Court determines at the time of sentencing that the defendant, IRMA ALVARADO ROMAN, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.   This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

6.   With regard to forfeiture, the United States and the defendant, IRMA ALVARADO ROMAN, agree as follows:

a.   The United States agrees to dismiss the forfeiture allegation as to the real property known as "all that certain lot or parcel of land known as 2253 Marble Street, Winston-Salem, Forsyth County, North Carolina."

b.   The defendant, IRMA ALVARADO ROMAN, knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all right, title, and interest she has in and to the following real

4

property:

### 1) 2112 Old Lexington Road

All that certain lot or parcel of land known as 2112 Old Lexington Road, Winston-Salem, Forsyth County, North Carolina, owned by defendant, IRMA ALVERADO ROMAN, and spouse, pursuant to a deed recorded at Book 2207, Pages 2175-2176 of the Forsyth County Registry, and more particularly described as follows:

> Beginning at an iron stake on the West side of Old Lexington Road, the Southeast corner of a lot purchased by Roy Setzer and wife (Deed Book 409, Page 171 and plat Book 8, Page 174) and running thence along the West side of said road, South 25 feet to a stake; thence north 75 degs., 30 min. West 132.6 feet to a stake; thence North 14 deg. 30 min. East 89 feet to a stake in the South line of Junia Avenue; thence South 75 deg. 30 min. East along the South side of said avenue 8 feet to a point; thence South 14 deg. 30 min West  64 feet to the North side of the large portion of this tract; thence South 76 deg. 30 min. East 128.6 feet to the place of BEGINNING.  Being known and designated as Lots 103 and 211, Block 730 of the Forsyth County Tax Maps and being composed of 4 separate tracts as deed to C. A. Swaney and wife in Deed Book 472, page 61, 528, page 259, 538, page 318, and 810, page 417 and being owned by Mr. and Mrs. C. A. Swaney until their deaths in 1966 and 1987 respectively and now owned by their daughter Mary Ann Swaney Bunn.  See Ex. files 6176 and 6409.

### 2) 1513 Waughtown Street

All that certain lot or parcel of land known as 1513 Waughtown Street, Winston-Salem, Forsyth County, North Carolina, owned by defendant, IRMA ALVERADO ROMAN, and J.R., pursuant to a deed recorded at Book 2151, Page 3243 of the Forsyth County Registry, and more particularly described as follows:

> BEGINNING at an iron stake on the north side of Waughtown Street, being 102.90 feet East of the northeast intersection of Waughtown Street and Pleasant Street; thence North 00 deg. 39' East 65.2

5

> feet to an iron stake; thence South 01 deg. 30' East
> 164.70 feet to an iron stake in the north line of
> Waughtown Street; thence along the north line of
> Waughtown Street South 87 deg. 49' West 67.7 feet to
> the iron stake, the place of BEGINNING.

The defendant consents to the entry of a forfeiture judgment against her and acknowledges that her interest in the properties described above is subject to forfeiture based on the offense charged in Count One, to which she is pleading guilty.

c. If any of the property described above, as a result of any act or omission of the defendant (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

d. The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this,

6

pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

e. The defendant knowingly and voluntarily waives her right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

f. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

g. Defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose in addition to the forfeiture.

7

7. The defendant, IRMA ALVARADO ROMAN, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. It is further understood that the United States and the defendant, IRMA ALVARADO ROMAN, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, IRMA ALVARADO ROMAN, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial

8

Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the _10th_ day of April, 2015.


RIPLEY RAND
United States Attorney

ALAN DOORASAMY, SR.
Attorney for Defendant


RANDALL S. GALYON
NCSB #23119
Assistant United States Attorney

IRMA ALVARADO ROMAN
Defendant

101 S. Edgeworth St., 4th Fl.
Greensboro, NC 27401

336/333-5351

9